1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                     EASTERN DISTRICT OF CALIFORNIA

9
                                          )
10    BASSAM MASARWEH,                     )        CIV F 06-0604 OWW DLB
                                          )
11             Plaintiff,                  )        ORDER DENYING PLAINTIFF'S
                                          )        MOTION FOR REMAND
12        v.                               )        [Doc. No. 9]
                                          )
13    HOBART CORPORATION AND DOES 1        )
      through 100, inclusive,              )
14                                         )
               Defendant(s).               )
15                                         )

16

17
          On June 15, 2006, Plaintiff Bassam Masarweh ("Plaintiff") filed the present Motion to
18
      Remand.  The Court deemed the matter suitable for decision without oral argument.  The motion
19
      was deemed submitted on July 21, 2006.
20
                                   **BACKGROUND**
21
          According to the complaint, on April 27, 2005, Plaintiff was at his place of employment
22
      and utilizing a Hobart mixer, Model No. A200, Serial No. 371287596, manufactured by
23
      Defendant ITW Food Equipment Group, erroneously sued herein as Hobart Corporation
24
      ("ITW").  Plaintiff was cleaning the blade on the subject mixer and had the safety component in
25
      the "up" position which should have prevented the machine from operating and the blade from
26
      turning.  The safety screen was in the open position and the machine should not have operated.
27

28                                        1

1  However, during the cleaning process, the machine's blade inadvertently and unintentionally

2  energized and began to rotate due to the failure of the limit switch/safety switch/micro switch to

3  operate as designated.  As a consequence, Plaintiff's right hand and arm were crushed and

4  injured.

5       Plaintiff filed this personal injury action against ITW in the Stanislaus County Superior

6  Court on April 6, 2006, alleging claims for (1) negligence; (2) strict liability; and (3) breach of

7  express and implied warranties.

8       ITW filed a notice of removal on May 16, 2006 on the basis of diversity jurisdiction.

9  ITW filed its answer to the Complaint on May 22, 2006.  Plaintiff filed the instant motion to

10  remand on June 15, 2006.  Defendants opposed the motion on July 7, 2006.  Plaintiff has not

11  filed a reply.

12       Plaintiff argues that remand is proper because complete diversity is lacking.  Plaintiff

13  argues that diversity of citizenship must be apparent from the pleadings.  Here, the notice of

14  removal alleges that Plaintiff is a citizen of California, based on paragraph 1 of the complaint.

15  Plaintiff argues that the complaint does not state that plaintiff is a *citizen* of California, only that

16  he resides in California.  Plaintiff therefore argues ITW's representation lacks foundation and is

17  unsupported by the evidence.  Citing *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th

18  Cir. 1990), Plaintiff also argues that ITW fails to properly allege its own citizenship in the notice

19  of removal and simply states that it is a "foreign corporation."  Plaintiff argues that ITW fails to

20  allege the location of its employees, the location of the tangible assets, the location where the

21  majority of its income is earned, or the location where most of its sales take place.  Plaintiff

22  argues the failure to present such evidence creates a doubt that removal is proper and the Court

23  should therefore remand this action to state court.

24       ITW opposes the motion to remand arguing that complete diversity exists and pointing

25  out that Plaintiff does not contend he is not a California citizen, only that it is not apparent from

26  the complaint.

27

28                                                    2

**DISCUSSION**

28 U.S.C. Section 1332(a) provides for federal jurisdiction based on diversity of citizenship:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> **(1)** citizens of different States;
> **(2)** citizens of a State and citizens or subjects of a foreign state;
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28. U.S.C. § 1332(a).

A civil action originally filed in a State court which could have been commenced in federal court based on diversity jurisdiction may be removed from state court to U.S. District Court on this ground.  28 U.S.C. § 1441(b).  The party seeking to invoke federal jurisdiction, bears the burden of establishing jurisdiction. *See Indus. Tectonics, Inc. V. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990).

For diversity purposes, a corporation may have dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c)(1).  Federal courts generally use one of two tests to determine a corporation's principal place of business.  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001).  First, the "place of operations test" locates a corporation's principal place of business in the state which "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th

Cir.1990) (quoting *Co-Efficient Energy Systems v. CSL Industries,* 812 F.2d 556, 558 (9th Cir.1987)). Second, the "nerve center test" locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed. *See id.* at 1092-93 *citing Inland Rubber Corp. v. Triple A Tire Service, Inc.,* 220 F.Supp. 490, 496 (SDNY 1963). The Ninth Circuit Court of Appeals has given lower courts direction to determine which of these tests to apply: where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities. *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d at 1094. Thus, the Ninth Circuit applies the place of operations test unless the plaintiff shows that its activities do not substantially predominate in any one state. *Toscoe Corp. v. Communities for a Better Env't.*, 236 F. 3d at 500.

   In support of diversity jurisdiction, ITW alleges on information and belief that Plaintiff, who resides and works in California, is a resident of California. Plaintiff has not offered any evidence to rebut this allegation. ITW also argues it is not a citizen of California but of Delaware, its state of incorporation, and Ohio, where its principal place of business is located. In support, ITW submits the declaration of Donn Kremmel, Associate General Counsel for ITW. Mr. Kremmel states that ITW is incorporated under the laws of Delaware and has its principal place of business in Troy, Ohio, where it maintains its corporate headquarters and a manufacturing facility. Decl. Kremmel ¶¶ 2, 3. ITW has manufacturing facilities in Baltimore, Maryland; Charlotte, North Carolina; Hillbora, Ohio; Richmond Hill, Georgia; Danville, Kentucky; Orting, Washington; Milwaukee, Wisconsin; Fort Worth, Texas; Coatesville,

Pennsylvania; Tualatin, Oregon; South Bend, Indiana; Fullerton, California; and Owen Sound, Ontario, Canada. *Id* at ¶ 3. ITW sells its equipment throughout the United States and in a number of countries around the world. *Id.* at ¶ 4. It derives its profits from sales made in all 50 states and numerous foreign countries and it does not have a concentration of sales efforts or sales results in California. *Id.*

The evidence provided by ITW is undisputed by Plaintiff. Based on this evidence, no single state has a substantial predominance of ITW's business activities and therefore the "nerve center" test is appropriate to determine ITW's principal place of business. ITW's executive and administrative functions occur in Ohio and therefore Ohio is ITW's principal place of business and complete diversity of citizenship exists between it and Plaintiff, a California citizen. Plaintiff's argument that complete diversity of citizenship is lacking is therefore without merit and Plaintiff's Motion to Remand is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                    UNITED STATES MAGISTRATE JUDGE