SCHIFF HARDIN LLP
JEFFREY R. WILLIAMS (CSB #84156)
KATHLEEN A. STIMELING (CSB #209226)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701

Attorneys for Defendant
ITW FOOD EQUIPMENT GROUP, erroneously sued herein as
HOBART CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASSAM MASARWEH,<br><br>        Plaintiff,<br><br>    v.<br><br>HOBART CORPORATION and DOES 1 through 100, Inclusive ,<br><br>        Defendants. | Case No.: 1:06-CV-00604-LJO-DLB<br><br>**STIPULATED PROTECTIVE ORDER** |

NOW COME the parties, by and through their counsel of record, and by agreement enter into the following protective order governing the confidentiality of documents produced by the parties during the above-captioned litigation:

IT IS HEREBY ORDERED:

1.     This Protective Order shall govern all documents, computer disks, information, and tangible materials which the parties shall designate as "Confidential".

2.     The parties may specifically designate as "Confidential" any documents, information, or materials of a proprietary, financial, or competitively sensitive nature, or which otherwise implicate any recognized privacy interest, by placing in a conspicuous location a stamp bearing the legend "Confidential" or the like.  The parties must have a reasonable basis for any such designation.

3.     Any party may also designate as confidential any portion of a deposition

1 transcript of its agent or employee that it deems to include confidential information.

2     4.    No documents, information or materials designated as "Confidential" by
3 another party shall be furnished, shown, or otherwise disclosed to any person
4 unaffiliated with the designating party except the following qualified persons: (1) counsel
5 for the parties, their associate attorneys, paralegal assistants, and clerical employees
6 assisting such counsel and employees; (2) essential employees of the parties with whom
7 it is necessary to consult in connection with the prosecution of this cause; and (3)
8 outside consultants and experts retained by the parties to consult and/or assist counsel
9 in the preparation and trial of this action.  All documents, information, and materials that
10 are designated as confidential shall be used solely for the preparation and trial of this
11 action and for no other purpose.

12     5.    All copies, reproductions, extracts, and summaries of documents, answers
13 to interrogatories, responses to requests for admission, testimony and other materials
14 and information, as well as briefs and other Court papers that quote or refer to
15 confidential documents, information, or materials shall also be subject to the provisions
16 of this Protective Order.

17     6.    Whenever filed with the Court for any reason, all designated materials
18 disclosed by any party shall be filed with the Court under seal and shall be kept under
19 seal until further order of the Court.  However, such designated materials shall continue
20 to be available to the Court and to such persons who are permitted access to the same
21 under this Protective Order.  Where possible, only the confidential portions of filings with
22 the Court shall be filed under seal.

23     7.    Nothing contained in this Protective Order shall bar or restrict the parties'
24 attorneys from rendering advice to their respective clients with respect to this litigation.
25 This Protective Order shall not prevent the use of "Confidential" documents, information,
26 or materials at a deposition, so long as reasonable advance notice is given to the
27 opposing party that the other party will or may use confidential materials, so that the
28 documents, information, or materials shall be disclosed or displayed only upon the

03439.00018
652765.1

- 2 -

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER Case No.: 1:06-CV-00604-LJO-DLB

SCHIFFHARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

implementation of reasonable safeguards to preserve their confidentiality.

8. Nothing in this Protective Order shall preclude a subsequent motion to amend the terms of this Protective Order.

9. The inadvertent or unintentional disclosure of "Confidential" information, produced after the effective date of this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

10. Materials designated as "Confidential" shall not be placed or deposited in any sort of data bank or otherwise be made available to indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

11. All parties other than ITW Food Equipment Group ("ITW Food"), including their counsel, technical consultants, and/or experts shall not otherwise sell, offer, advertise, publicize, or provide under any condition, any information provided and designated as "confidential" by ITW Food, to any competitor of ITW Food.

12. Within thirty (30) days of the conclusion of this case, defined as the latest of the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, the other parties agree to return all copies of "confidential" documents, information, or materials to the designating party. Each party in receipt of designated documents shall deliver to the designating party an affidavit within thirty (30) days of the conclusion of this case certifying that all such confidential information and copies thereof, excerpts from and summaries of such information, have been returned to the party who produced such confidential information.

The parties shall further provide, within thirty (30) days of the conclusion of this case, affidavits from each testifying or consulting expert to which they have provided such information, certifying their compliance with this provision.  To the extent inconsistent with this Protective Order, the parties waive their right to maintain the confidentiality of the identities of their consulting experts.

13.   If any party elects to challenge a designation of "Confidential" made by the other party, the challenging party shall provide written notice of such challenge and specify the documents, information, or materials for which the designation is challenged and the reasons therefore.  The producing party must respond in writing within thirty (30) business days, or within such additional time as the parties agree, or the Court determines, is reasonable (taking into account the number of documents or other information in issue).  After receiving the producing party's response, if the party challenging the confidentiality designation is still not satisfied that the information was properly designated, that party may move the Court to lift the confidentiality designation. Until the Court rules, the confidentiality designation shall remain in effect. If the Court rules that the information should not be restricted, the original designation shall remain in effect for five business days after the Court's Order, unless otherwise ordered by the Court.

14.   All materials designated as entitled to protection shall be treated as such pursuant to the terms of this Protective Order until further order of this Court.  Such a designation raises no presumption that the information or documents are entitled under the law to protection.

15.   The determination of how any material designated as "Confidential" shall be used at the trial of this case, if any, is not made at this time.  Rather, any such determination will be made prior to trial.

16.   The terms of this Protective Order shall become effective when it is mutually executed by the respective attorneys for the parties, or ordered by the Court, and shall survive and remain in full force and effect after conclusion of this cause of

action.

The following representatives agree to this Protective Order.

DATED:  April 6, 2007					SCHIFF HARDIN LLP


							By _____/s/_____
							    Kathleen A. Stimeling
							Attorneys for Defendant
							ITW FOOD EQUIPMENT GROUP,
							erroneously sued herein as HOBART
							CORPORATION

DATED:  March 22, 2007				LAW OFFICES OF BRYMAN & APELIAN


							By _____/s/_____
							    Andrew C. Bryman
							Attorneys for Plaintiff
							BASSAM MASARWEH

IT IS SO ORDERED.

Documents may be filed under seal only upon Order of Court.  A party wishing to file documents under seal shall apply for leave to file documents under seal on each occasion the party wishes leave to file under seal.


DATED:  April 9, 2007_____		/s/ *Dennis L. Beck*
_____
							HON. DENNIS L. BECK
							U.S. MAGISTRATE JUDGE